MEMORANDUM **
Jinglu Qu, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ order summarily affirming an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and RA/Research 06-72806 protection under the Convention Against Torture ( CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence findings of fact, Li v. Ashcroft, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.
Substantial evidence supports the IJ’s adverse credibility determination, based on an omission from Qu’s asylum application as to key aspects of his detention, and on an internal inconsistency as to the circumstances of his baptism. See Kaur v. Gonzales, 418 F.3d 1061, 1067 (9th Cir.2005). Qu failed to adequately explain these discrepancies when given the opportunity, id. at 1066-67, and they go to the heart of his claim, Chebchoub v. INS, 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, Qu’s asylum claim fails.
Because Qu failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003).
Because Qu’s CAT claim is based on the same statements the IJ found to be not credible, and he does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured if returned to China, substantial evidence supports the BIA’s denial of CAT. Id.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.